UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYNDSEY BURKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV2000 CDP |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before me on the motion to dismiss filed by defendants Missouri Department of Corrections and Tom Clements. Plaintiff is the daughter of Douglas Burke, whom plaintiff alleges died after suffering a heart attack while an inmate at Farmington Correctional Center (FCC). In addition to the Department of Corrections and Clements,[1] the caption of plaintiff's amended complaint also names Daniel Bullock, Sheriff of St. Francois County and supervisor of FCC, and Correctional Medical Services, Inc.[2] as defendants.

---

[1] Tom Clements is the Director of the Missouri Department of Corrections and is sued in his individual and official capacities.

[2] Plaintiff alleges that CMS is "the contracted health care provider for inmates incarcerated within the Missouri Department of Corrections."

Plaintiff's amended complaint brings claims under 42 U.S.C. § 1983 against defendant "CMS John Doe" and "Deputy John Doe"[3] for being deliberately indifferent to Burke's serious medical needs and against defendants Dan Bullock, the Missouri Department of Corrections, and Clements for supervisory liability. The amended complaint seeks monetary damages only. Although defendants refer to state law tort claims in their motion to dismiss, the amended complaint does not allege state law claims.

Plaintiff's claims for monetary damages against the Missouri Department of Corrections, an agency of the State of Missouri, and Clements in his official capacity[4] are barred by the Eleventh Amendment and must be dismissed. Generally, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacities." Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989). Section 1983 does not abrogate the Eleventh Amendment immunity of states and their agencies. See Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). Section 1983 damage claims against

---

[3]No John Doe defendants are named in the caption of the complaint.

[4]An action for damages against a state official in his official capacity is tantamount to a suit against the state itself. Kentucky v. Graham, 473 U.S. 159, 165 (1985).

- 2 -

individual defendants acting in their official capacities are also barred by the Eleventh Amendment. Id.  However, "[t]he Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities." Id.

Although Clements may be sued for damages in his personal capacity, plaintiff's § 1983 claims against him must nevertheless be dismissed because there is no respondeat superior liability under § 1983.[5]  Supervisory personnel are not liable under § 1983 absent "a showing of direct responsibility for the improper action" or "personal involvement of the officer being sued." Harris v. Pirch, 677 F.2d 681, 685 (8th Cir. 1982) (citations omitted). See Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.") (citation omitted); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (finding respondeat superior theory inapplicable in § 1983 actions).  A supervisor may be found liable for failure to supervise or control his subordinates only where a plaintiff establishes his "deliberate

---

[5]When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume all factual allegations of the complaint are true and must construe those allegations in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). "The motion will succeed or fail based upon the allegations contained in the face of the complaint." McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) (internal citations and quotation marks omitted).  However, the factual allegations in the complaint must be more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

indifference or tacit authorization of the offensive acts by failing to take remedial steps following notice of a pattern of such acts by his subordinates." Wilson v. City of N. Little Rock, 801 F.2d 316, 322 (8th Cir. 1986). "In order for a supervisor to be held liable for the acts of a subordinate, something more must be shown than merely the existence of the supervisor-subordinate relationship." Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987). Absent such allegations, no individual liability can be imposed on defendant Clements as the Director of the Missouri Department of Corrections. Because plaintiff does not allege that Clements was directly, personally involved in the alleged deprivation of rights, the amended complaint fails to state a claim against him under § 1983 and must be dismissed.

I do not reach the issue of whether defendants may be immune from state law tort claims because plaintiff's complaint does not allege state law claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#34] is granted, and plaintiff's claims against defendants Missouri Department of Corrections and Tom Clements are dismissed.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2009.