UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| L. B., by and through her next friend JUDITH BURK, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No.: 4:08-cv-02000-CDP ) |
| MISSOURI DEPARTMENT OF CORRECTIONS, ET AL., | ) ) ) |
| Defendants. | ) ) |

# *DEFNDANT'S MOTION TO AMEND CMO FOR ADDITIONAL TIME TO FILE ITS EXPERT WITNESS REPORT*

COMES NOW Defendant Correctional Medical Services, Inc., ("CMS"), by and through counsel, and for it's Motion to Amend Case Management Order for Additional Time in which to file an expert witness report states as follows:

1. On October 19, 2009, this Court entered its Memorandum and Amended Case Management Order, under which Plaintiff was required to disclose her expert witnesses and produce any Rule 26(a)(2)(B) reports no later than January 15, 2010, and to make each expert available for deposition no later than February 15, 2010.  Defendant was then to disclose experts and provide the statutorily-required reports by March 30, 2010.  [Doc. 58]

2. On January 14, 2010, Plaintiff filed a Supplemental Answer to Defendant's First Interrogatories wherein she identified Dr. Marc Stern, an internist, as Plaintiff's retained expert witness.  [Doc. 64]

3. Plaintiff's supplemental disclosure did not include a written report as required by Rule 26(a)(2)(B) and the Court's October 19, 2009, Order.  [Doc. 64]

4. On March 9, 2010, Plaintiff filed a motion requesting the Court grant leave for her to file a supplemental response to Defendant's First Interrogatories and to provide Plaintiff's expert's written report two months late.  [Doc. 66]

5. Plaintiff provided Defendants with a copy of Plaintiff's expert, Dr. Marc Stern, on March 18, 2010;  this report fails to comply with the Federal Rules of Civil Procedure.

6. Federal Rule of Civil Procedure 26(a)(2)(B) states that the disclosure of an expert witness must be accompanied by a written report, which must contain:

> "(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous ten years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case."

7. Plaintiff's expert report fails to comply with these requirements in several ways.

8. First, as previously discussed in Defendant's Response in Opposition to Plaintiff's Motion for Leave to submit Plaintiff's expert report out of time [Doc. 67], Plaintiff's expert report was produced to Defendant two months after it was due.

9. Second, Dr. Stern did not fully state the basis and reasons for his opinions, as shown in unsupported statements such as "a high risk patient such as Mr. Burk." *See Report of Dr. Stern, attached hereto as Exhibit A,* 2.

10. Additionally, Dr. Stern did not provide a list of all other cases in which he has testified as in expert in the last four years, as required by Federal Rule of Civil Procedure 26(a)(2)(B)(v).

11. Finally, Dr. Stern did not provide a statement of compensation, as required by Federal Rule of Civil Procedure 26(a)(2)(B)(vi).

12. Defendant CMS' Motion to Strike Plaintiff's Expert Disclosure is pending before the Court. [Doc. 65]

13. Because Plaintiff's expert report is both untimely and improper in form, Defendant CMS has been unable to properly prepare and obtain a responsive and compliant expert report, and therefore requires additional time to prepare and disclose their expert and expert report.

WHEREFORE, for these reasons Defendant prays the Court grant its Motion to Amend the Case Management Order and for additional time in which to file its expert report until after the Court has either denied Plaintiff's Motion to file an untimely report, or until sixty (60) days after Plaintiff's expert files a report that is in compliance with Federal Rule of Civil Procedure 26(a)(2)(B), and for such other relief as the Court deems proper.

                                /s/Peter J. Dunne
_____
Peter J. Dunne   #31482
Federal Registration No. 3025
Jessica L. Liss   #51331
Federal Registration No. 93685
RABBITT, PITZER & SNODGRASS, P.C.
Attorney for Defendant Correctional Medical Services, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@rpslaw.com
liss@rpslaw.com

      I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 30th day of March, 2010, to be served by operation of the Court's electronic filing system upon the following:  **Donald L. Schlapprizzi and Erin M. Cobb**, Attorneys for the Plaintiff, 701 Market Street, Suite 1550, St. Louis, Missouri 63101 and **Mr. Harold L. Whitfield**, Co-Counsel for Plaintiff, 701 Market Street, Suite 1550, St. Louis, Missouri 63101.

                                /s/ Peter J. Dunne
_____

Dunne/Wilson
3/29/10